Colcock, J.
delivered the opinion of the Court. From the report of the presiding Judge, it appears that the prosecutor had gone to defen *35 dant’s house to demand compensation for some services rendered to defendant, and that while * there he was in- no wise insolent to aeiendant, but urged the payment of his demand, and did not leave the house when ordered- to do so by defendant; that the defendant then beat him severely with the bar of his door. The conduct of the defendant cannot be justified upon any principle in law. The prosecutor having business to transact with him, had a right to enter his house, and if he remained after having been ordered to depart, might have been put out of the house, the defendant using no- more violence than was necessary to accomplish this object, and showing to the satisfaction of the Court and Jury that this was his object. But here the beating was cruel and excessive, not calculated either from its extent or manner to produce the pretended object of the deféndant, but on the contrary rather calculated' to prevent him from going. Even an assault will not justify an outrageous beating, much less would the conduct of the prosecutor. While the law permits men to defend their persons, or preserve the immunities of their dwellings, it is careful to restrain the indulgence of ungovernable or revengeful spirits. As to the second ground, it was competent to produce the affidavit of the prosecutor to show his consistency. It is the practice of every day to support or destroy the testimony of a-witness,, by showing what he has said or sworn- *36 at some other time on the same subject. The motion is therefore rejected.
John Blake White and Thomas S< Grimké for defendant.
Richardson, Attorney General, contrá.